UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY,

                          Plaintiff,

-against-

JOSEPH RECCA, JAMES RECCA, LOIS C. RECCA,
JESSICA BORNSCHEIN, *individually and as
Administratrix of the Estate of Ryan T. Bornschein*,
MICHAEL SOSA, and MICHAEL CORBETT,

                          Defendants.
-----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
21-CV-01544 (JMA) (SIL)

FILED
CLERK
9:25 am, Feb 16, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

On March 24, 2021, Plaintiff The Travelers Home and Marine Insurance Company brought this action against Defendants Joseph Recca ("Joseph"), James Recca, Lois C. Recca, Jessica Bornschein ("Jessica"), Michael Sosa ("Sosa"), and Michael Corbett ("Corbett"), the City of New York (the "City"), and the New York City Police Department ("NYPD"), seeking a declaration that Plaintiff has no obligation to provide coverage to, defend, or indemnify Joseph in connection with Jessica's lawsuit against Joseph, Sosa, Corbett, the City, and NYPD arising out of the death of Jessica's son, Ryan T. Bornschein. (See Complaint, ECF No. 1.) The Court presumes familiarity with the background of this case.

Presently before the Court is Plaintiff's motion for summary judgment against Jessica, who is the only remaining Defendant that appeared in this action.[1] (ECF No. 47.) In a Report and Recommendation issued on January 8, 2024 (the "R&R"), Magistrate Judge Steven I. Locke recommended that Plaintiff's summary judgment motion be denied. (ECF No. 51.) Plaintiff filed objections to the R&R on January 22, 2024. (ECF No. 52; see also ECF No. 53 (Jessica's response

---

[1]     On May 11, 2021, the Court so-ordered a stipulation dismissing the City and the NYPD as Defendants. (May 11, 2021 Order Dismissing Parties). On August 3, 2022, Plaintiff filed a letter stating it would refrain from seeking default judgments until the appearing parties' rights are adjudicated. (ECF No. 35.)

to Plaintiff's objections).)

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see FED. R. CIV. P. 72(b)(3) (similar). In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); see FED. R. CIV. P. 72(b)(3) (similar); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd, 717 F. App'x 26 (2d Cir. 2017). By contrast, those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See, e.g., Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Additionally, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (internal citation and quotation marks omitted); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same).

Plaintiff objected to each portion of the R&R.[2] (See ECF No. 52.) After conducting a de novo review of the full record and applicable law, the Court agrees with Judge Locke's recommendations, and therefore adopts the thorough and well-reasoned R&R in its entirety as the opinion of the Court. Accordingly, Plaintiff's motion for summary judgment is DENIED.

**SO ORDERED.**

Dated: February 16, 2024
Central Islip, New York

(/s/ JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's objections largely reiterate Plaintiff's summary judgment arguments. (Compare ECF No. 47-11 with ECF No. 52.) "[T]he Second Circuit has suggested that clear error review is appropriate if a party's objection to a magistrate judge's report and recommendation repeats arguments already presented to and considered by the magistrate judge." Grp. One Ltd. v. Gmbh, 625 F. Supp. 3d 28, 52 (E.D.N.Y. 2022) (citing Mario v. P & C Food Mkts., 313 F.3d 758, 766 (2d Cir. 2002)); see also, e.g., United States ex rel. CKD Project, LLC v. Fresenius Med. Care Holdings, 551 F. Supp. 3d 27, 31 (E.D.N.Y. 2021) ("[A] report should be reviewed only for clear error when a party simply reiterates his original arguments." (internal quotation marks and citation omitted)). However, "[r]ecently, the Second Circuit expressed 'skepticism' as to the appropriateness of the clear error standard" when "the only way for a party to raise an argument against an R&R is to reiterate the argument." Freedom Mortg. Corp. v. Monteleone, 628 F. Supp. 3d 455, 458 (E.D.N.Y. 2022) (quoting Moss v. Colvin, 845 F.3d 516, 519 n.2 (2d Cir. 2017)) (internal brackets omitted); see Grp. One, 625 F. Supp. 3d at 52 (similar). In any event, the standard of review does not affect the result here because the R&R withstands de novo scrutiny. See, e.g., Freedom Mortg., 628 F. Supp. 3d at 458 (using this approach).