UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY,

                              Plaintiff,

-against-

JOSEPH RECCA, JAMES RECCA, LOIS C. RECCA,
JESSICA BORNSCHEIN, *individually and as
Administratrix of the Estate of Ryan T. Bornschein*,
MICHAEL SOSA, and MICHAEL CORBETT,

                              Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
2:21-cv-01544 (JMA)(SIL)

FILED
CLERK

8/28/2025 12:31 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Presently before the Court is Defendant Jessica Bornschein's motion <u>in limine</u> to exclude testimony from Defendants Joseph Recca, Michael Sosa, and Michael Corbett about any communications with decedent Ryan Bornschein ("Decedent") pursuant to the so-called Dead Man's Statute, N.Y. CPLR § 4519. (ECF No. 64 at 2.) For the following reasons, the Court denies Defendant Bornschein's motion to exclude this testimony.

## I. BACKGROUND

### A. Facts

Plaintiff Travelers issued a homeowners insurance policy (the "Policy") to James and Lois Bornschein for the period of January 23, 2019 to January 23, 2020, under policy number 6038141706341. (ECF No. 47-10 ("Policy"), ¶ 1.) Under Section II – Liability Coverages, as modified by the "Homeowners Additional Coverage Endorsement," the Policy provides personal liability coverage in the event "a claim is made or a suit is brought against any insured for damages because of bodily injury, personal injury or property damage caused by an occurrence to which

this coverage applies." (Policy, at TRV00285, TRV000295.[1]) Under the Policy, Travelers is obligated to "pay up to our limit of liability for the damages for which the insured is legally liable" and "provide a defense at our expense by counsel of our choice." (Policy, at TRV00285, TRV000295.)

"Bodily injury" is defined as "bodily harm, sickness or disease, including required care, loss of services and death that results." (Id. at TRV00277, ¶ 2.) "Personal injury" means "the injury arising out of one or more of the following offenses: (a) false arrest, detention or imprisonment, (b) malicious prosecution; (c) libel, slander of defamation of characters; or (d) invasion of privacy, wrongful eviction or wrongful entry." (Id. at TRV00293, ¶ 10.) "Insured" is defined to include James, Lois and their relatives that are members of their household. (See id. at TRV00277, ¶ 4.) The Policy defines an "occurrence" as "an accident, including exposure to conditions, which results, during the policy period, in: (a) bodily injury; or (b) property damage," as well as personal injury. (Id. at TRV00277, TRV00293, ¶ 6.)

Section II – Exclusions, provides in relevant part, that personal liability coverage does not apply to bodily injury, personal injury or property damage:

> (a) which is expected or intended by any insured;
>
> (b) arising out of business pursuits of any insured or the rental or holding for rental of any part of any premises by any insured. . . .
>
> This Exclusion does not apply to: (1) activities which are ordinarily incident to non-business pursuits; (2) incidental business activities of minors; or (3) the rental or holding for rental of an insured location . . . .

(Id. at TRV00285, TRV00295, Section II – Exclusions, ¶ 1.) Under the Policy, "'business' includes trade, profession or occupation." (Id. at TRV000277, ¶ 3.)

---

[1] The designations beginning "TRV" reflect the bates numbers assigned to each page of the Policy.

2

On September 4, 2019, Decedent overdosed on narcotics. (ECF No. 64 at 1.) Defendant Joseph Recca sold the narcotics to Decedent that resulted in his death. (Id.) On February 26, 2021, Joseph Recca pled guilty to manslaughter in the second degree, conspiracy in the second degree and criminal sale of a controlled substance in the third degree in connection with Ryan Bornschein's death. (See ECF No. 51 at 8.)

B.     **Procedural History**

On December 1, 2020, Jessica Bornschein – Decedent's mother – filed the underlying state action against Joseph Recca, Sosa, Corbett, the City and the NYPD in New York Supreme Court for New York County. See Bornschein v. Recca, et al., Index No. 160357/2020. In connection with Ryan Bornschein's death, Jessica asserted claims for negligence, loss of services and companionship, wrongful death, and negligent infliction of emotional distress, and claims pursuant to 42 U.S.C. § 1983 and the Drug Dealer Liability Act, N.Y. Gen. Oblig. § 12-101 et seq. Id.

On March 24, 2021, Plaintiff commenced the instant action against Defendants, seeking a declaration that Travelers has no obligation to defend or indemnify Joseph Recca or any other party in the Underlying Action. (See Compl., ECF No. 1.) On July 11, 2023, Plaintiff moved for summary judgment. (ECF No. 47.) The undersigned referred that motion to Magistrate Judge Locke for a Report and Recommendation ("R&R"). (Oct. 18, 2023 Order.) Judge Locke recommended that Plaintiff's motion be denied because, inter alia, the court could not determine that as a matter of law: (1) "Bornschein's death is a covered 'occurrence' under the Policy;" (2) "Travelers . . . met its burden of demonstrating that Joseph's conducts fall exclusively within the Policy's business pursuit exclusion;" or that (3) "Plaintiff . . . established that its obligation to defend Joseph under these circumstances violates New York's public policy. . ." (R&R, ECF No.

3

51 at 17, 20, 22.) On February 16, 2022, the undersigned adopted the R&R in its entirety as the opinion of the Court. (ECF No. 55.)

On May 9, 2024, the parties submitted a proposed pretrial order. (ECF No. 59.) In the pretrial order, Defendant Bornschein objected to anticipated testimony by Defendants Joseph Recca, Corbett, and Sosa about communications with the Decedent on the grounds that it would purportedly violate the Dead Man's Statute, N.Y. CPLR § 4519. (Id. at 9.) Subsequently, on July 16, 2024, the undersigned held a pretrial conference with the parties and ordered briefing on the Dead Man's Statute issue. (ECF No. 62.) On September 4, 2024, Defendant filed the fully briefed motion in limine to exclude any testimony from Defendants Joseph Recca, Michael Sosa, and Michael Corbett about any communications with Decedent.

## II.     LEGAL STANDARDS

### A.     Dead Man's Statute

The Court retains diversity jurisdiction over the instant case in the context of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq. (ECF No. 1 at 3.) "When a federal court sits in diversity, state laws, such as the dead man's statute, that bar the testimony of certain interested witnesses must be given effect." High Farms, LLC v. King, No. 16-CV-736, 2021 WL 1137995, at *6 (E.D.N.Y. Mar. 25, 2021) (citing Rosenfeld v. Basquiat, 78 F.3d 84, 88 (2d Cir. 1996)); see also Lewin v. Richard Avedon Found., No. 11CV8767, 2016 WL 11942191, at *1 (S.D.N.Y. Mar. 25, 2016)("New York's dead man's statute applies to state law claims adjudicated in federal court.")

> New York's Dead Man's Statute provides, in relevant part:
>
> Upon the trial of an action . . . a party or a person interested in the event ... shall not be examined as a witness in his own behalf or interest . . . against the executor . . . of a deceased person . . . concerning a personal transaction or communication between the witness and the deceased person . . . except where the executor . . . is

4

> examined in his own behalf, or the testimony of a . . . deceased person is given in evidence . . ., concerning the same transaction or communication.

N.Y. C.P.L.R. 4519. In other words, the statute renders testimony from an interested party "inadmissible where death has prevented the estate from giving its version of the events." Rosenfeld, 78 F.3d 84 at 92. see also Fireman's Fund Ins. Co. v. Wilner, No. 10-CV-597, 2012 WL 628504, at *4 (E.D.N.Y. Feb. 27, 2012) (noting that the dead man's statute aims "to protect the estate of the deceased from claims of the living who, through their own perjury, could make factual assertions which the decedent could not refute in court.")

### III. DISCUSSION

Here, Defendant Bornschein seeks to exclude testimony from Defendants Joseph Recca, Michael Sosa, and Michael Corbett with respect to any communications made with Decedent. Additionally, Defendant Bornschein seeks to exclude portions of Defendant Joseph Recca's deposition transcript, where he "alleged that he exchanged text messages with decedent Ryan Bornschein about the sale of narcotics." (ECF No. 64 at 2 (citing Recca Dep. Tr., ECF No. 47-6 at 23:3-24:4.))

Defendant Bornschein contends that these Defendants are "interested parties" under the Dead Man's Statute because they "will 'gain or lose by direct legal operation' of the result of the within declaratory action." (Id. at 5) (quoting High Farms, 2021 WL 1137995, at *7.) Defendant Joseph Recca is an interested party "because if Travelers prevails, then Defendant Joseph Recca will have no insurance coverage in the related state court action." (Id.) Additionally, Defendants Sosa and Corbett are interested parties because "if defendants [Joseph] Recca, Sosa, [and] Corbett are found to cause an 'indivisible injury,' such as the death of decedent Ryan Bornschein, then joint and several liability would exist, and the amount of coverage under the Recca policy could economically effect Sosa/Corbett." (Id. at 7.) Defendant Bornschein therefore concludes that

5

because each of these Defendants are interested parties, the Dead Man's Statute bars their testimony with respect to their communications with the Decedent.

The Court, however, rejects Defendant Bornschein's conclusion. The core problem with this argument is that the testimony Travelers intends to introduce from Defendants Joseph Recca, Sosa and Corbett is offered in "support of its claim for a declaration of no coverage on multiple grounds, including the applicability of the Travelers policy's business pursuits exclusion, inferred intent to harm, and a bar to coverage based on public policy." (ECF No. 65 at 4.) The evidence at issue, then, would serve to support Plaintiff's argument that it need not provide coverage for Defendant Joseph Recca pursuant to the Policy, which would directly harm his economic interest and by extension the interests of Defendants Sosa and Corbett. (See ECF No. 64 at 5,7.) Put another way, the evidence Defendant Bornschein seeks to bar through the Dead Man's statute is being introduced by an adverse party against these parties' interests.

New York's Dead Man's statute does not bar an interested party "from testifying against her own interest." In re Barabash, 84 A.D.3d 1363, 1364, 924 N.Y.S.2d 544, 545 (2011); see also Rubin v. Kurzman, 436 F. Supp. 1044, 1048 (S.D.N.Y. 1977) ("The dead man's statute has never been a bar to an interested party testifying against his own interest.") As the Rubin court further clarifies,

> The so-called dead man statute prohibits testimony of non-written communications concerning transactions between an interested witness or party and a decedent. The statute is aimed at the protection of the estate of the decedent since the dead are unavailable to testify in refutation of such claims. The statute only prohibits a person from testifying "in his own behalf or interest." But it is not the executor of Natalie Rubin's estate who seeks to introduce the former testimony to establish his claim. Rather, defendant Block, an adverse party, relies on admissions against interest made by Natalie Rubin to defeat the claim of her estate.
>
> The dead man's statute has never been a bar to an interested party testifying against his own interest . . . and the same rule should apply where an adverse party offers admissions made by an interested person.

6

Rubin, 436 F. Supp. 1044 at 1048.

The testimony Defendant Bornschein seeks to exclude is not barred by the Dead Man's Statute. Travelers will introduce this evidence to ground its argument that it has no obligation to indemnify or defend Joseph Recca or other parties in the underlying case. Specifically, Travelers anticipates using the testimony to contend that Joseph Recca sold narcotics as his customary engagement or stated occupation, which is critical to its argument that the drug sales fell under the business pursuits and public policy exclusions to the Policy. (See ECF No. 65 at 3-4.) And, as Defendant Bornschein admits, if Travelers prevails in that argument, "Defendant Joseph Recca will have no insurance coverage in the related state court action." (ECF No. 64 at 5.) Defendants Corbett and Sosa would also be "economically effected" due to the operation of joint and several liability. (Id. at 7.) As stated above, the Dead Man's Statute is designed to protect a decedent's estate from "claims of the living who, through their own perjury, could make factual assertions which the decedent could not refute in court." Fireman's Fund Ins. Co., 2012 WL 628504, at *4. This protection, however, is unwarranted where the evidence runs counter to the interests of the living parties. Thus, the Court denies Defendant Bornschein's motion to exclude testimony from Defendants Joseph Recca, Sosa, and Corbett with respect to communications with the Decedent.

### IV.    CONCLUSION

For the foregoing reasons, Defendant Bornschein's motion in limine is DENIED. The Court will schedule a status conference with the parties in a forthcoming order.

**SO ORDERED.**
Dated:   August 28, 2025
         Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE